P1SJVISC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    IN RE: VISA DEBIT CARD
     ANTITRUST LITIGATION,
4

5    ------------------------------x          24 Civ. 7435 (JGK)

6

                                              Conference
7

8                                             New York, N.Y.
                                              January 28, 2025
9                                             2:30 p.m.

10   Before:

11                     HON. JOHN G. KOELTL,

12                                            District Judge

13                     APPEARANCES

14   HAUSFELD LLP
          Attorneys for Fee-Payor Class Plaintiffs
15   BY:  CHRISTOPHER L. LEBSOCK
          DANIEL P. WEICK
16        -and-
     COHEN MILSTEIN SELLERS & TOLL PLLC
17   BY:  BRENT W. JOHNSON
          -and-
18   COTCHETT, PITRE & MCCARTHY, LLP
     BY:  BRIAN DANITZ
19

     JOSEPH R. SAVERI
20   RICHARD M. PAUL, III
          Attorneys for Fletcher Plaintiffs
21

22   ARNOLD & PORTER KAYE SCHOLER LLP
          Attorneys for Defendant Visa
23   BY:  ANNE P. DAVIS
          MARGARET A. ROGERS
24        MATTHEW EISENSTEIN
          -and-
25   WILKINSON STEKLOFF LLP
     BY:  KIERAN G. GOSTIN

P1SJVISC

1              (Case called; appearances noted)

2              THE COURT:  Good afternoon all.

3              It's good to see all of you in person.  As far as I'm

4    concerned, there's remarkably little to be done today.  I did

5    the initial conference in the government case over the phone,

6    and there were more issues to be resolved in the government

7    case.  You all in your Rule 26(f) have essentially adopted the

8    rulings that I made in the government case.  And to the extent

9    that there can be cooperation between this consolidated case

10   and the government case, that's fine, that's great.

11             I made a couple of comments in the government case,

12   which I repeat for all of you.  I appreciate cooperation.  I

13   appreciate civility.  It will make life bearable for all of you

14   and for me.  Brevity is to be applauded.  And so far in both

15   cases, you've all demonstrated that, so I really appreciate

16   that.

17             There is an initial issue in this case relating to the

18   settlement in the Eastern District case and how it affects some

19   of the plaintiffs in this case, how the release in the Eastern

20   District case affects some potential class members in this

21   case.  But the parties appear to agree that initially those

22   decisions should be made first in the Eastern District of

23   New York and that there should be a motion in the Eastern

24   District of New York with respect to the scope of the release

25   in the Eastern District of New York.

P1SJVISC

```
1            Visa wants a stay in this case pending a decision in

2     the Eastern District of New York, but that decision would not

3     affect the cardholder class and would prevent coordination of

4     this case and the government case.  So at best, such a stay

5     would be only a partial stay of this case.  In any event,

6     there's nothing for me to decide at the moment with respect to

7     that issue.

8            Visa intends to move, as I understand it from the

9     papers — page 5 of your 26(f) report — Visa intends to move in

10    the Eastern District of New York for a stay that would affect

11    part of this case.  Visa is also contemplating a motion to stay

12    part of the litigation in this case.  So if there is a motion,

13    I'm sure there will be opposition and I will decide.  Obviously

14    I'm not enthusiastic about any stay in this case.

15           Your initial phase of discovery doesn't appear to

16    require a stay, but I can't decide anything until it's briefed

17    on the facts and the law, which takes us then to page 6 of your

18    26(f) report.  The parties are discussing the terms of the

19    stipulation and proposed order regarding the scope of expert

20    discovery and will seek to coordinate these discussions with

21    the United States and the government's related case.  The

22    parties will submit an expert stipulation to the Court as soon

23    as possible.  Bravo.

24           As I explained in the government case, you all should

25    get your experts as soon as possible so that you can arrange
```

P1SJVISC

```
1   your discovery in such a way to get the information that the
2   experts say that they need for their conclusions.  It would not
3   be a good idea — and I'm sure you all know that — to delay the
4   hiring of experts, because that might require applications for
5   additional discovery.
6           Page 8, paragraph 11, I don't understand what it means
7   to say in the first sentence, "Except as set out below, the
8   presumptive limits on the numbers and duration of depositions
9   taken pursuant to Federal Rule of Civil Procedure 30 shall
10  apply."  Ten depositions aside, that's not what you really
11  need.  Maximum of seven hours per deposition, maybe.  But I
12  just don't understand what that sentence means.
13          MS. DAVIS:  I think that's a good observation.  We did
14  not mean it to limit to ten depositions.  The seven hours I
15  don't think we have an issue with, but I think the
16  contemplation was that we would substitute the number of
17  depositions with total hours for deposition.
18          THE COURT:  But did you really mean seven hours per
19  deposition?  People look quizzically.
20          MS. DAVIS:  Your Honor, I think there might be cases
21  in this case, given the coordination of depositions that we
22  anticipate across the cases, that there may be situations where
23  a deposition would be longer than seven hours.  So you're
24  correct to point out that.
25          THE COURT:  So the sentence really doesn't belong.
```

P1SJVISC

```
1              MR. LEBSOCK:  We're happy to delete the sentence.

2              THE COURT:  So I'll strike the first sentence of

3    paragraph 11.  It came in by mistake.

4              Page 10, paragraph 14, the schedule for the motion to

5    dismiss is fine.  The schedule for class experts is fine.  The

6    class motion is fine.  So the class certification motion will

7    be fully submitted by September 18, 2026.  I had no other

8    comments on the 26(f) report, and I'm prepared to sign it.

9              Do the parties want to tell me anything else or give

10   me any other insight into the issue of any motion for a stay?

11             MS. DAVIS:  Yes, your Honor.  There are a couple of

12   things that we need to raise with you, with your Honor.

13             By way of a new development, we received an email from

14   the DOJ last night noting that they had reviewed our Rule 26(f)

15   report and were still considering the government's position on

16   whether and to what degree the private actions should be

17   coordinated with the government case.  That obviously has an

18   impact on the agreement that we've reached with the plaintiffs

19   that's represented in the Rule 26(f) report.

20             We stand by the agreement that we made with the

21   plaintiffs, but we do need to bring the government back into

22   that conversation.  We previewed our position for the

23   government before we engaged with the plaintiffs.  As we've

24   made clear to all parties, the government and both plaintiff

25   groups, it's the primary objective of Visa to avoid duplicative
```

P1SJVISC

1  depositions of our witnesses.  It was sort of the animating

2  issue behind our agreement to provide CID materials.

3          We don't know what the government's position is.  We

4  did try and reach out today to learn a little bit more about

5  where they stand on this.  But in light of that, we think it

6  makes sense perhaps to hold off on entering the Rule 26 until

7  we have an opportunity to confer with them and come back to the

8  Court if there are any disputes that we need to bring.

9          THE COURT:  I mean, you've worked out a perfectly

10  reasonable schedule with the plaintiffs in this case.  You've

11  worked out a phasing of discovery into two phases in the same

12  way that you had done with the government.  All of that makes

13  perfect sense to me.  I don't understand how any of that would

14  be changed by the government's position if the government

15  thinks that there shouldn't be coordination.

16          My own reaction — I'll listen to the parties — is

17  you've roached a 26(f) here.  I should sign the 26(f).  If

18  subsequent developments with the government indicate that

19  changes are necessary — it's hard to perceive what those

20  changes would be — so be it.  We can talk about a change at

21  that point.  But you've set the deadlines for the motion to

22  dismiss in both cases.  You have a discovery plan in both cases

23  for stage one and stage two discovery.  So I don't see the

24  persuasive reason not to sign the 26(f) report.

25          MS. DAVIS:  That's fine, your Honor.  We did want to

P1SJVISC

1    make you aware of --

2                    THE COURT:  No, I appreciate that.

3                    MS. DAVIS:  -- everyone's position.  And as I said, we

4    don't know what their concerns are.  If there are any, we don't

5    know that either.  And we're hopeful that we can proceed as set

6    forth in the Rule 26(f) report.  But we wanted to flag it for

7    you because in the event there is an issue around coordination

8    of depositions, we just wanted to have the ability to come back

9    to the Court and talk about the implications.

10                    THE COURT:  Talk to the plaintiffs and send me a

11    letter.

12                    MS. DAVIS:  Yes.

13                    In addition, on the subject of the stay, I think just

14    for clarity the agreement that we reached with the plaintiffs

15    would be that once we resolve some issues concerning -- we

16    mentioned in, I think, the Rule 26(f) report there are two

17    plaintiffs whose claims we will -- who are subject to the

18    release.  There's a third about which we're engaged in some

19    discussion with the plaintiffs where we just received some

20    information about that plaintiff on Friday.  We're reviewing

21    that.  I think there has been additional questions, so there's

22    a little bit to play out there as to the third plaintiff.

23                    But once that's resolved, we would move to enforce in

24    the settlement court and move for a stay, but only as to the

25    impacted plaintiffs.  It was our effort to sort of fashion a

P1SJVISC

 1   path that would allow us to proceed with the plan that we set

 2   forth in the Rule 26(f) report while still reserving our rights

 3   as to the enforcement of the settlement agreement.

 4            THE COURT:  Okay.  So you intend to make a motion in

 5   the Eastern District.  Do you intend to make a motion here in

 6   view of the fact that this case can still go forward?

 7            MS. DAVIS:  For a stay of discovery only as to the

 8   impacted plaintiffs.  So we would proceed with party discovery

 9   as to the non-impacted plaintiffs.  We don't want to litigate

10   against the parties as to which we're going to be seeking to

11   enforce the settlement agreement.

12            THE COURT:  But you'd make that motion before me.

13            MS. DAVIS:  We would be making the motion before you.

14            THE COURT:  Before any decision in the Eastern

15   District.

16            MS. DAVIS:  Correct.  It's --

17            THE COURT:  Not so clear how that would change

18   anything in this case.

19            MS. DAVIS:  I think it would not have a great impact

20   on what actually happens in this case as a practical matter

21   except that it would carve out from any party discovery that

22   might occur in phase one, or down until that issue is resolved,

23   it would carve out the named plaintiffs as to whom we would be

24   seeking to enforce the settlement, so we wouldn't be taking

25   their depositions.

P1SJVISC

1       THE COURT:  But I didn't think depositions were

2   contemplated in phase one anyway.

3       MS. DAVIS:  Correct.  I guess our point is that we

4   don't know how long it's going to take to resolve the issue of

5   the settlement enforcement.  Hopefully we won't get to that --

6       THE COURT:  Yes, but --

7       MS. DAVIS:  -- that point.

8       THE COURT:  So depositions wouldn't be taken in phase

9   one anyway.  Phase one continues up until I decide the motion

10  to dismiss.  I don't like deciding motions that I don't have to

11  decide.  I don't like unnecessary work.  My object, among

12  others, is to keep control of the case, not to send it to a

13  magistrate judge to supervise.  But if the parties proliferate

14  motions or don't act in a way that makes the case manageable

15  for me, then eventually I end up appointing a magistrate judge

16  to deal with matters that I don't think really I should be

17  dealing with.

18      MS. DAVIS:  If it helps, if it makes a difference, it

19  would be a consent motion.  The plaintiffs have consented to

20  the stay as to those -- so I don't think there would be a lot

21  of dispute about this.

22      MR. JOHNSON:  Your Honor, that's true.  We have

23  consented to it only as to the plaintiffs that would -- Visa

24  contends their claims have been released.

25      THE COURT:  Okay.

P1SJVISC

```
 1              MR. JOHNSON:  So I doubt there would be much work for

 2     you to do.

 3              THE COURT:  I don't resist work.  I only resist

 4     unnecessary work.  Okay.

 5              MS. DAVIS:  The last issue that I wanted to raise,

 6     unless I'm told there's something else, is the use of the term

 7     "fee payor".

 8              THE COURT:  I know their dispute.

 9              MS. DAVIS:  We're going to be filing a motion to

10     dismiss.  That's one of the issues that's going to be addressed

11     there and I want to --

12              THE COURT:  I read the footnote.

13              MS. DAVIS:  Okay.  Thanks.

14              THE COURT:  Okay.  Anyone else have anything?

15              MR. LEBSOCK:  It's nice to meet you, and we'll be back

16     at some point.

17              THE COURT:  Good to see you all.  I'm glad you could

18     all make it.  All right.

19              Well, I'll sign the 26(f) report and the case

20     management plan.  All right.  I look forward to working with

21     you all.

22              (Adjourned)

23

24

25
```